**ALLSTATE INSURANCE COMPANY, Plaintiff,**

**v.**

**William Tsutomu HARA, Gregory Rupert Hara, Vanessa Linn Hara, a minor, by William Tsutomu Hara, her Guardian Ad Litem, and William Tsutomu Hara, Personal Representative of the Estate of Thelma Len Tai Young Hara, Deceased, Defendants.**

**Civ. No. 87–0583 VAC.**

United States District Court, D. Hawaii.

April 5, 1988.

Thomas Tsuchiyama, Matsui, Chung & Sumida, Honolulu, Hawaii, for plaintiff.

Eichi Oki, Honolulu, Hawaii, for defendants.

## ORDER DENYING DEFENDANTS' CROSS–MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

FONG, Chief Judge.

Plaintiff's motion for summary judgment and defendants' cross-motion for summary judgment came on for hearing before this court on February 29, 1988. Thomas Tsuchiyama appeared on behalf of plaintiff, and Eichi Oki appeared on behalf of defendants. The court, having reviewed the motion and the memoranda in support thereof and in opposition thereto, having heard the oral arguments of counsel, and being fully advised as to the premises herein, finds as follows:

The plaintiff in this action seeks a declaration that it is obligated under an insurance policy to pay defendants a maximum of $25,000.00, which it claims is the limit of its liability. Defendants contend that plaintiff must pay $25,000.00 to each of the four defendants, for a total of $100,000.00. The facts are not in dispute.

On March 16, 1979 an automobile operated by Ului Apina and owned by Sione Manu collided with an automobile operated by Thelma Len Tai Young Hara at the intersection of Kalanianaole Highway and Kapaa Quarry Road. Mrs. Hara died as a result of injuries sustained in that accident. The vehicle operated by Apina was insured under plaintiff's automobile insurance policy issued to Manu.

On March 13, 1981 Mrs. Hara's husband and two children, who are also defendants in this action, filed a state court suit against Manu and Apina seeking tort damages for lost earnings, pain and suffering and loss of love and affection. The Haras obtained a default judgment totaling over $900,000.00. When plaintiff learned of the judgment, it negotiated an agreement with the Haras limiting plaintiff's liability to the amount owed under its policy with Manu. This action for a declaratory judgment followed.

### THE POLICY

Plaintiff's insurance policy agreement with Manu provides that:

> Allstate will pay for an insured all damages which the insured shall be legally obligated to pay because of ... bodily injury sustained by any person ... arising out of the ownership ... of the owned automobile....

"Bodily injury" is defined to include death and other forms of physical injury. "Damages" are defined to include damages for care and loss of services.

The policy's declarations page limits bodily injury liability coverage to "$25,000 each person." The policy states that this $25,000.00 is the "limit of Allstate's liability for all damages arising out of bodily injury sustained by one person in any one occurrence."

Plaintiff argues that the plain language quoted above limits its obligation under the policy to a maximum payment of $25,000.00 for "all damages arising out of" Mrs. Hara's bodily injuries. Defendants' claims for loss of services, et cetera, arise out of Mrs. Hara's bodily injuries and are there-fore compensable only up to the $25,000.00 cap.

Defendant contends that the purpose and structure of Hawaii's no-fault insurance law requires the court to interpret the policy expansively to provide up to $25,000.00 for each person damaged as a result of Mrs. Hara's bodily injuries. *Haw.Rev.Stat.* § 294–10(a) provides that liability coverage must apply to each person sustaining accidental harm. Therefore, in addition to plaintiff's $25,000.00 payment to Mrs. Hara's estate, her husband and two children are entitled to $25,000.00 each for the damages they have suffered.

### DISCUSSION

There is no genuine issue of material fact remaining in this case and it is therefore ripe for summary judgment. *See Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir.1987). The sole issue before the court is whether, as a matter of Hawaii law, plaintiff's bodily injury coverage of "$25,000 each person" permits the four defendants to recover $25,000.00 each or whether their claims for emotional distress and loss of services merely derive from Mrs. Hara's bodily injuries and are limited to a single $25,000.00 payment.

Hawaii law recognizes that family members may suffer damages as a result of bodily injuries to and, in this case, the death of a family member. *Bertelmann v. Taas Associates*, 735 P.2d 930, 935 (Haw. 1987); *Doi v. Hawaiian Ins. & Guar. Co., Ltd.*, 6 Haw.App. 456, 727 P.2d 884, 891 (1986). Legal claims for such damages are sometimes referred to as loss of consortium claims or loss of love and affection claims. *Id.* Hawaii law holds that such damages are derivative and that they necessarily "arise out of" the underlying bodily injury. *Bertelmann*, 735 P.2d at 935.

Hawaii's no-fault insurance law requires that all automobile insurance policies must provide a minimum coverage for "all damages arising out of accidental harm sustained by any one person as a result of any one accident." *Haw.Rev.Stat.* § 294–10(a)(1). Plaintiff's policy admittedly complied with this requirement, in lan-

guage that closely tracked that of the statute. This being the case, the only issue before the court involves interpretation of the insurance contract.

Plaintiff is obligated to pay all damages arising out of Mrs. Hara's bodily injury, up to its policy limit. That limit for bodily injury liability (Coverage AA) is stated on the declarations page as "$25,000.00 each person." Section I of the insurance policy contains a subsection entitled "Limits of Allstate's Liability." That subsection provides in relevant part as follows:

The limit of bodily injury liability stated in the declarations for Coverage AA as applicable to:

1. *"each person"* is the limit of Allstate's liability for all damages arising out of bodily injury sustained by one person in any one occurrence;

. . . . .

There is no ambiguity in this language. It clearly states that $25,000.00 is the limit of plaintiff's liability for all damages arising out of Mrs. Hara's bodily injuries. Since defendants' claims arise out of her bodily injuries under Hawaii law, they are subject to this $25,000.00 limit. The court must interpret the terms of an insurance policy according to the plain meaning of its words and may not assign a different meaning unless clearly intended by the parties. *Maui Land & Pineapple Co., Inc. v. Dillingham Corp.*, 67 Haw. 4, 10, 674 P.2d 390 (1984).

Defendants argue that, for some reason, the court should ignore the plain language of the policy because Mrs. Hara's bodily injuries resulted in death and because the tort of wrongful death has not been abolished under Hawaii's no-fault law. This argument is unpersuasive, especially in light of defendants' agreement to limit recovery to the amount owed under the insurance policy. *See* Complaint, Exhibit C.

Because there is no ambiguity in the language of the policy, there is nothing to construe against the insurer and in favor of the insured. *See Yamaguchi v. State Farm Mutual Auto. Insurance Co.*, 706 F.2d 940, 954 (9th Cir.1983). Defendants' recovery under the policy is limited to $25,-000.00. Therefore, summary judgment in favor of the plaintiff is appropriate.

Plaintiff's motion for summary judgment is GRANTED and defendants' cross-motion for summary judgment is DENIED.

IT IS SO ORDERED.